UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA SANDERS, on behalf of herself and all others similarly situated,<br><br>                  Plaintiff,<br><br>  v.<br><br>RBS CITIZENS, N.A.,<br><br>                  Defendant. | Case No. 13-cv-3136-BAS-RBB<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARD** |

      Plaintiffs' counsel files a Motion for Attorneys' Fees, Costs and Incentive Award requesting $1,137,816.88 in attorneys' fees, $17,693.46 reimbursement for litigation costs, $874,249.20 in administration costs and $5,000 as an incentive award for the named Plaintiff Linda Sanders. (ECF No. 108.) Defendant does not oppose. The Court held a hearing on the issue on January 23, 2017 at 10:30 a.m. After reviewing the Motion along with the attached Exhibits, the Court **GRANTS** Plaintiffs' Motion for Attorneys' Fees, Costs and Incentive Award.

**I.    STATEMENT OF FACTS**

    **A. Underlying Case**

      On December 20, 2013, Plaintiffs filed a civil class action alleging violations

1  of the Telephone Consumer Protection Act, 47 U.S.C. §§227 et seq. ("TCPA"). (ECF
2  No. 1.) Plaintiffs allege Defendant used an automated telephone dialing system
3  ("ATDS") and prerecorded voice messages to call the cellular telephones of class
4  members when attempting to collect student loan debts. (*Id*.) Defendant denies the
5  allegations but agrees to this settlement to avoid further litigation.
6        During the course of the litigation, counsel served third party discovery to
7  twenty-one third party vendors, conducted discovery motion practice and engaged in
8  a day-long mediation with the Hon. Edward A. Infante (Ret.). (*See* Declaration of
9  Douglas J. Campion in Support of Motion for Attorneys' Fees, Costs and Incentive
10 Payments (ECF No. 108-2) ("Campion Decl.") ¶ 12; Declaration of Ronald A.
11 Marron in Support of Motion for Attorneys' Fees, Costs and Incentive Payments
12 (ECF No. 108-5) ("Marron Decl.") ¶¶ 30-37.) Post-mediation, the attorneys
13 continued to conduct confirmatory discovery to locate class members. (*Id.*)
14       **B. Settlement and Attorneys' Fees**
15       The Settlement contemplates that Defendant "shall pay $4,551,267.50 to
16 settle the Action and obtain a full release from Settlement Class Members of all
17 Released Claims." (Settlement Agreement and Release attached to the Declaration
18 of Douglas Campion in Support of Preliminary Approval (ECF No. 104-3
19 ("Settlement Agreement") at § 5.01.) "The amount paid per Approved Claim shall
20 be divided among the approved claimants on a pro rata basis from the amount
21 remaining in the Settlement Fund after payment of all Settlement Costs [including
22 attorneys' fees] from the Settlement Fund." (*Id.* at § 5.02.) "Class Members shall
23 be entitled to submit a claim if their cellular phone number is on the Class List as a
24 phone number that received a Telephone Call during the Class Period. Only one
25 claim for each phone number called shall be permitted." (*Id.* at § 5.03.) "As an
26 additional benefit to all Class Members, [Defendant] has developed significant
27 enhancements to its existing policies and procedures, as necessary, to require that if
28 any person revokes his or her consent by any reasonable means, that person shall

1  not receive any further calls from [Defendant] on his or her cellular telephone via an
2  automatic telephone dialing system and/or an artificial or prerecorded voice." (*Id.*
3  at § 5.04.)

4       The Claims Administrator has sent notice to Class Members and 41,307
5  members have submitted claims. (Declaration of Steven J. Powell on Behalf of
6  Claims Administrator (ECF No. 112-4) ("Powell Decl.") ¶¶ 14-15.) In light of the
7  number of claimants, the settlement amount for each class member is estimated to
8  be $60.89. (Memorandum of Points and Authorities in Support of Unopposed
9  Motion for Final Approval of Class Action Settlement (ECF No. 112-1), p. 11.)
10 Plaintiffs' attorneys request $1,137,816.88 as 25% of the overall class settlement.
11 (ECF No. 108.) Alternatively, counsel detail actual attorneys' fees in the amount
12 of $600,059.50 to which counsel requests the Court apply a 1.896 multiplier for the
13 result received. (Campion Decl. ¶ 14; Marron Decl. ¶ 28; Supplemental Declaration
14 of Ronald A. Marron In Support of Motion for Attorneys' Fees, Costs and Incentive
15 Payment, ¶ 4.)

16      Plaintiffs' counsel further requests $17,693.46 in costs (excluding the costs of
17 administering the class), which includes the cost of mediation, mileage to attend the
18 mediation, court reporter fees, filing fees, subpoena fees and payment for the expert
19 witness. (Campion Decl. ¶17; Marron Decl. ¶¶ 2-3.) Counsel further requests
20 reimbursement of $874,249.20 for the costs of administering the class. (Powell
21 Decl., Exh. D.) Finally, counsel requests a $5000 incentive payment for named
22 plaintiff Linda Sanders. (ECF No. 108.) Ms. Sanders files a Declaration indicating
23 that she spent 30–40 hours on this case including meeting with counsel before the
24 Complaint was filed, appearing in person at the ENE, responding to discovery
25 including interrogatories and documents requests, and reviewing and approving the
26 Settlement Agreement. (Declaration of Linda Sanders in Support of Incentive
27 Award (ECF No. 108-4) ("Sanders Decl.") ¶¶ 4-8.)

28 **II.    LEGAL STANDARD**

Courts have an independent obligation to ensure that the attorneys' and class representative fees award, like the settlement, is reasonable. *In re Bluetooth Headsets Prods. Liab. Litig.,* 654 F.3d 935, 941 (9th Cir. 2011). Where a settlement produces a common fund for the benefit of the entire class, the courts have the discretion to employ a "percentage of recovery method." *Id.* at 942. Typically, courts calculate 25% of the fund as a "bench mark" for a reasonable fee award. *Id.* Injunctive relief should generally be excluded from the value of the common fund when calculating attorneys' fees because most often the value of the injunctive relief is not measurable. *Staton v. Boeing Co.*, 327 F.3d 938, 945–46 (9th Cir. 2003).

The 25% benchmark rate, "although a starting point for analysis, may be inappropriate in some cases." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). Thus, court are encouraged to cross-check this method by employing the "lodestar method" as well. *In re Bluetooth*, 654 F.3d at 949.

In the "lodestar method," the Court multiplies the number of hours the prevailing party reasonably expended by a reasonable hourly rate for the work. *Id.* at 941. The hourly rate may be adjusted for the experience of the attorney. *Id.* "Time spent obtaining an attorneys' fee in common fund cases is not compensable because it does not benefit the Plaintiff class." *In re Washington Public Power Supply Sys. Secs. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994). The resulting amount is "presumptively reasonable." *In re Bluetooth,* 654 F.3d at 949. However, "the district court . . . should exclude from the initial fee calculation hours that were not 'reasonable expended.'" *Sorenson v. Mink,* 239 F.3d 1140, 1146 (9th Cir. 2001) (quoting *Hensley v. Eckerhart.*, 401 U.S. 424, 433–34 (1983). The Court may then adjust this presumptively reasonable amount upward or downward by an appropriate positive or negative multiplier reflecting a whole host of reasonableness factors including the quality of the representation, the complexity and novelty of the issues, the risk of nonpayment, and, foremost in considerations, the benefit achieved for the

1 | class. *In re Bluetooth*, 654 F.3d at 942.

2 | "[I]ncentive awards that are intended to compensate class representatives for work undertaken on behalf of a class are fairly typical in class actions cases" and "do not, by themselves, create an impermissible conflict between class members and their representative[]." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 943 (9th Cir. 2015). Nonetheless, the Court has obligation to assure that the amount requested is fair. *In re Bluetooth*, 654 F.3d at 941.

**III.   ANALYSIS**

Turning first to the "percentage of recovery method" of recovery, the Court notes that the amount requested is 25% of the overall recovery. Thus, using the percentage of recovery method, the Court finds the amount requested appears reasonable.

However, as directed, the Court cross-checks this amount by applying the lodestar method. Counsel document the number of hours worked and the hourly rate billed for the work. The Court finds both to be reasonable. The resulting amount of $600,059.50 is "presumptively reasonable." *See In re Bluetooth*, 654 F.3d at 949. In this case, however, the Court finds it is appropriate to adjust this amount upward by the multiplier requested. This case has been pending for three years, during which time Plaintiffs' counsel received no payment for their work. They fronted the costs, faced a real risk of no recovery, and ultimately achieved a strong result for the class. Therefore, the requested multiplier of 1.896 is an appropriate request. Cross-checking, therefore, with the lodestar method, the Court finds the requested 25% recovery is reasonable.

Plaintiff also requests $17,693.46 in costs. "There is no doubt that an attorney who has created a common fund for the benefit of the class is entitled to reimbursement of reasonable litigation expenses from that fund." *Ontiveros v. Zamora*, 303 F.R.D. 356, 375 (E.D. Cal. 2014) (quotations omitted). "District courts have discretion to reimburse expert witness fees if the expert's services were 'crucial

or indispensable' to the action." *Rodriguez v. Farmers Ins. Co. of America,* 649 F. App'x 620 (9th Cir. 2016) (unpublished) (citation omitted). The Court has reviewed the detailed requests and finds these amounts are reasonable and necessary.

Plaintiff additionally requests $874,249.20 for the costs of administering the class. At the oral final settlement hearing, the Court expressed concern that the originally estimated amount for administering the class had increased so precipitously. Counsel explained that the originally estimated costs were based on mailing to 971,000 class members. As detailed by Mr. Powell, however, because of multiple addresses and the large number of "returned as undeliverable" notices, the class administrator ended up mailing postcards to 1,372,443 addresses. (Powell Decl.) The Court notes that the bill from the class administrator includes a much higher first class postage rate of $481,821.48. (Powell Decl., Exh. D.) Although the Court continues to be concerned about the increase, ultimately the Court finds the requested amount is reasonable.

Finally, Plaintiff requests $5,000 in incentive award for named plaintiff Linda Sanders. Although this amount greatly exceeds the amount awarded to each class member and exceeds the amount of statutory damages, the amount is reasonable in light of the amount of work Ms. Sanders expended on the case.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion for Attorneys' Fees, Costs and an Incentive Award. (ECF No. 108.) The Court grants Plaintiff $1,137,816.88 in attorneys' fees, $17,693.46 in litigation costs, $874,249.20 in administration costs and $5,000 for the named plaintiff as an incentive award. The Court authorizes that these amounts be paid from the Settlement Fund. The attorneys' fees may be paid in cash and a portion in future periodic payments. The Law Offices of Ronald A. Marron shall be entitled to receive its portion of the awarded attorneys' fees immediately, according to the terms in the Settlement Agreement. Fees payable to The Law Offices of Douglas J. Campion, APC ("Campion"), shall be paid by the

1  claims administrator to the assignment company upon receipt of that payment
2  pursuant to the terms of the Settlement Agreement.  Campion shall receive its
3  attorneys' fees in periodic payments according to the agreements with the assignment
4  company.  Campion has no present right to payment of its attorneys' fees.  Prior to
5  the payment by the claims administrator to the assignment, Campion shall indemnify
6  and hold harmless the claims administrator.  The Court authorizes the claims
7  administrator to execute the necessary documents to effectuate the fee deferral.
8  **IT IS SO ORDERED**.

10 **DATED: January 25, 2017**

Hon. Cynthia Bashant
United States District Judge