UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA SANDERS, on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br><br>  v.<br><br>RBS CITIZENS, N.A.,<br><br>                    Defendant. | Case No. 13-cv-3136-BAS-RBB<br><br>**ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

On December 20, 2013, Plaintiff Linda Sanders ("Plaintiff") commenced this class action, alleging that Defendant RBS Citizens, N.A. had violated the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 et seq. ("TCPA"), by placing debt collection calls using an automated telephone dialing system ("ATDS") or a prerecorded voice.[1]

Now pending before the Court is the parties' Joint Motion for Final Approval of Class Action Settlement. (ECF No. 112.) The matter came on for hearing on

---

[1] Originally, Dorothy McQueen was also named as an individual plaintiff in the case. However, on May 22, 2014, her individual claim was dismissed by joint motion of the parties. (ECF No. 21.)

January 23, 2017 at 10:30. The Court has considered the Settlement Agreement and Release attached to the Declaration of Douglas J. Campion in Support of Preliminary Approval (ECF No. 104-3) ("Settlement" or "Settlement Agreement"), the record in the above-entitled lawsuit ("the Action") and the arguments and authorities of counsel. For the reasons stated below, the Court **GRANTS** this Motion. (ECF No. 112.)

## I. PROPOSED SETTLEMENT

The proposed Settlement Agreement applies to class members ("Class" or "Class Members") defined as:

> All persons in the United States who received a call on their cellular telephones from [Defendant], or any third parties calling on a [Defendant] account, made with an alleged automatic telephone dialing system ("ATDS") and/or an artificial or pre-recorded voice from December 20, 2009 through July 13, 2015 whose telephone numbers are identified in the Class List.
>
> Excluded from the Settlement Class are [Defendant], its parent companies, affiliates or subsidiaries, or any entities in which such companies have a controlling interest; and any employees thereof; the judge or magistrate judge to whom the Action is assigned and any member of those judges' staffs and immediate families, and any persons who timely and validly request exclusion from the Settlement Class.

(Settlement at § 2.28.)[2]

The Settlement contemplates that Defendant "shall pay $4,551,267.50 to settle the Action and obtain a full release from Settlement Class Members of all Released Claims." (*Id.* at § 5.01.) "The amount paid per Approved Claim shall be divided among the approved claimants on a pro rata basis from the amount remaining in the Settlement Fund after payment of all Settlement Costs [including attorneys' fees] from the Settlement Fund." (*Id.* at § 5.02.) "Class Members shall

---

[2] All capitalized terms in this Order shall have the same meaning as set forth in the Settlement. (See Settlement at §§ 2.01-2.35 (Definitions).

be entitled to submit a claim if their cellular phone number is on the Class List as a phone number that received a Telephone Call during the Class Period. Only one claim for each phone number called shall be permitted." (*Id.* at § 5.03.) "As an additional benefit to all Class Members, [Defendant] has developed significant enhancements to its existing policies and procedures, as necessary, to require that if any person revokes his or her consent by any reasonable means, that person shall not receive any further calls from [Defendant] on his or her cellular telephone via an automatic telephone dialing system and/or an artificial or prerecorded voice." (*Id.* at § 5.04.)

Following final court approval of the proposed Settlement, Plaintiff and Settlement Class Members shall be deemed to have released and discharged Defendant from any and all claims that were alleged in the complaint or claims that could have been asserted arising out of facts alleged in the complaint that took place during the class period. (*Id.* at § 16.01.)

## II. ANALYSIS

The Ninth Circuit maintains a "strong judicial policy" that favors the settlement of class actions. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). However, Federal Rule of Civil Procedure 23(e) first "require[s] the district court to determine whether a proposed settlement is fundamentally fair, adequate, and reasonable." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)). Where the "parties reach a settlement agreement prior to class certification, courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Stanton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). In these situations, settlement approval "requires a higher standard of fairness and a more probing inquiry than may normally be required under Rule 23(e)." *Dennis v. Kellogg Co.*, 697 F.3d 858, 864 (9th Cir. 2012) (internal quotation marks omitted). Before granting approval of a class-action

1  settlement, the Court must first determine whether the proposed class can be
2  certified. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) (indicating
3  that a district court must apply "undiluted, even heightened, attention [to class
4  certification] in the settlement context" in order to protect absentees). For the
5  reasons outlined in the Court's Order Granting Joint Motion for Preliminary
6  Approval of Class Action Settlement (ECF No. 107), the Court concludes that class
7  certification under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure is
8  appropriate in this case.

9  The Court further finds that the Proposed Settlement is "fair, adequate and
10 reasonable" under Rule 23(e) of the Federal Rules of Civil Procedure. "It is the
11 settlement taken as a whole, rather than the individual component parts, that must
12 be examined for overall fairness." *Hanlon*, 150 F.3d at 1026. A court may not
13 "delete, modify or substitute certain provisions" of the settlement; rather, "[t]he
14 settlement must stand or fall in its entirety." *Id.*

15 "[S]ettlement approval that takes place prior to formal class certification
16 requires a higher standard of fairness." *Hanlon*, 150 F.3d at 1026. Consequently, a
17 district court "must be particularly vigilant not only for explicit collusion, but also
18 for more subtle signs that class counsel have allowed pursuit of their own self-
19 interests and that of certain class members to infect the negotiations." *In re
20 Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). Other
21 relevant factors to this determination include, among others, "the strength of the
22 plaintiffs' case; the risk, expense, complexity, and likely duration of further
23 litigation; the risk of maintaining class-action status throughout the trial; the amount
24 offered in settlement; the extent of discovery completed and the stage of the
25 proceedings; the experience and views of counsel; the presence of a governmental
26 participant; and the reaction of the class members to the proposed settlement."
27 *Hanlon*, 150 F.3d at 1026; *see also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d
28 566, 575 (9th Cir. 2004). Here, as outlined in the Court's Order Granting

Preliminary Approval of the Class Action Settlement (ECF No. 107), the parties' Joint Settlement Agreement complies with all of these requirements.

The Court previously approved the form and manner of Notice to the class members. (ECF No. 107.) The Court now finds the Class Notice program was executed as previously detailed in its Order. (Declaration of Steven J. Powell on Behalf of Claims Administrator Kurtzman Carlson Consultants ("KCC"), (ECF No. 112-4) ("Powell Decl.) ¶¶ 2-9.) KCC sent 1,148,513 post cards with notice of the Class Settlement to 971,000 class members, published notice in two national publications, and maintained a website for notice, which received 44,448 visitors. (*Id.*) Hence, the Court finds the class notice satisfies due process.

The Court previously found that the strength of Plaintiff's case and the risk of further litigation, the amount of the proposed settlement versus the possible statutory damages if the case was successful after a trial, the extent of discovery and stage of the proceedings, and the experience and views of counsel all weighed in favor of approval of the Settlement Agreement (ECF No. 107.) The Court adopts its previous findings in the Preliminary Settlement Order. In addition, the Court now has the benefit of the reaction of Class Members to the Settlement. The Settlement Administrator has received 41,307 claims (including 33 late claims which, at the request of counsel, the Court will include in the Settlement Class) from Class Members. (Powell Decl. ¶¶ 14-15.) The Settlement Administrator received no objections to the settlement from Class Members and received only 33 requests for exclusion. (Powell Decl. ¶¶ 16-17.) Therefore, the reaction of Class Members to the Settlement also supports approval.

### III. CONCLUSION

For the reasons stated both in this Order as well as its previous Order Granting Preliminary Approval of the Class Action Settlement, the Court **GRANTS** the parties' Joint Motion for Final Approval of Class Action Settlement. (ECF No. 112.)

Accordingly, the Court **ORDERS** as follows:

1. The Judgment incorporates by reference the definitions in the Settlement, including its exhibits, and all terms used herein shall have the same meanings as set forth in the Settlement;

2. The Court has jurisdiction over the subject matter of this Action and all Parties to the Action, including all Settlement Class members;

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies the following Class for settlement purposes:

All persons in the United States who received a call on their cellular telephones from [Defendant], or any third parties calling on a [Defendant] account, made with an alleged automatic telephone dialing system ("ATDS") and/or an artificial or pre-recorded voice from December 20, 2009 through July 13, 2015 whose telephone numbers are identified in the Class List.

Excluded from the Settlement Class are [Defendant], its parent companies, affiliates or subsidiaries, or any entities in which such companies have a controlling interest; and any employees thereof; the judge or magistrate judge to whom the Action is assigned and any member of those judges' staffs and immediate families, and any persons who timely and validly request exclusion from the Settlement Class.

4. Pursuant to Rule 23(c)(3) of the Federal Rules of Civil Procedure, all such persons who satisfy the Class definition above, except those Class Members who timely and validly excluded themselves from the Settlement Class, are Settlement Class Members bound by this Judgment;

5. Pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, the Court finds that the named plaintiff in this Action, Linda Sanders, is a member of the Settlement Class, her claims are typical of the Settlement Class, and she fairly and adequately protected the interests of the Settlement Class throughout the Proceedings in the Action. Accordingly, the Court appoints Linda Sanders as Class Representative;

6. The Court finds that the Settlement Class meets all requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure for certification of the class claims alleged in the Complaint, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the Class Representative and Class Counsel; (e) predominance of common questions of fact and law among the Class; and (f) superiority;

7. Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court finds that Class Counsel have fairly and adequately represented the Class for purposes of entering into and implementing the Settlement, and, thus, continues to appoint Douglas J. Campion of the Law Offices of Douglas J. Campion, APS and Ronald A. Marron, Alexis M. Wood and Kas L. Gallucci of the Law Offices of Ronald A. Marron as Class Counsel for the Settlement Class;

8. In accordance with the Court's Preliminary Approval Order and the Court-approved notice program, the Claims Administrator caused the Class Notice to be disseminated as ordered. The Class Notice advised Class Members of the terms of the Settlement, of the Final Approval Hearing, and their right to appear at such hearing, of their rights to remain in or opt out of the Settlement Class and to object to the Settlement, procedures for exercising such rights, and the binding effect of this Judgment to the Settlement Class;

9. The distribution of the Class Notice constituted the best notice practicable under the circumstances, and fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, 28 U.S.C. §1714, and any other applicable law;

10. The Settlement proposed by the parties is fair, reasonable and adequate. The terms and provisions of the Settlement are the product of lengthy, arms-length negotiations conducted in good faith and with the assistance

of the Honorable Edward A. Infante (Ret.). Approval of the Settlement will result in substantial savings of time, money and effort to the Court and the parties, and will further the interests of justice;

11. Thirty-three Class Members have timely or validly submitted requests for exclusion from the class. Therefore, all Settlement Class Members, except for these thirty-three members, are bound by this Judgment and by the terms of the Settlement;

12. The Court awards attorney's fees, costs and an incentive service award to Linda Sanders and Class Counsel as set forth in the Court Order submitted simultaneously with this Order;

13. The Court **DISMISSES WITH PREJUDICE** the Action and all released claims set forth in Sections 13, 14 and 16 of the Settlement Agreement;

14. Without affecting the finality of this Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Judgment and the Settlement;

15. There is no just reason for delay in the entry of this Final Judgment and Order approving Settlement and immediate entry by the Clerk of the Court is expressly directly pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

**DATED: January 27, 2017**

Hon. Cynthia Bashant
United States District Judge