UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA SANDERS, on behalf of herself and all others similarly situated,<br><br>                        Plaintiff,<br><br>  v.<br><br>RBS CITIZENS, N.A.,<br><br>                        Defendant. | Case No. 13-cv-03136-BAS-RBB<br><br>**ORDER GRANTING JOINT MOTION FOR APPROVAL OF *CY PRES* BENEFICIARIES OF RESIDUAL SETTLEMENT FUNDS**<br><br>**(ECF No. 123)** |

      Before the Court is the parties' Joint Motion for Approval of *Cy Pres* Beneficiaries of Residual Settlement Funds ("Joint Motion"). (ECF No. 123.) For the foregoing reasons, the Court **GRANTS** the Joint Motion.

**I.   BACKGROUND**

      Plaintiff Linda Sanders brought this action on behalf of a class under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, on December 20, 2013. (ECF No. 1.) The parties ultimately reached a settlement, which establishes in relevant part that "[a]ny funds not paid out as the result of uncashed settlement checks shall be paid out as a *cy pres* award, to a recipient agreed to by the parties and approved by the Court." (Settlement Agreement § 11.02, ECF No. 104-3.) The agreement also states that on the final distribution date, or 210 days after the date which the last check for an award was issued, the Claims Administrator will pay the remaining amount in the Settlement Fund to

- 1 -

one or more *cy pres* recipients. (*Id.* § 8.05(f).) The Court granted preliminary approval of the settlement on July 1, 2016 and final approval on January 27, 2017. (ECF Nos. 107, 117.)

Now before the Court is the parties' Joint Motion designating *cy pres* beneficiaries. The parties state that the claims administrator has issued 40,661 settlement checks to facilitate disbursement of the funds, of which 37,650 were cashed. (Decl. of Alex Thomas ¶ 2, ECF No. 123-2.) The 3,011 remaining were not cashed within 180 days or have been voided, leaving $164,065.89 remaining for *cy pres* distribution. (*Id.*) The parties have agreed to two *cy pres* beneficiaries, one chosen by Plaintiff's counsel and one chosen by Defendant's counsel: (1) the University of Santa Clara Law School's ("SCU") Privacy Law Certificate and High Tech Law Institute; and (2) the Local Initiatives Support Corporation ("LISC"). (Decl. of Douglas J. Campion ¶ 4, ECF No. 123-3.)

## II.   LEGAL STANDARD

"[T]he '*cy pres* doctrine allows a court to distribute unclaimed or nondistributable portions of a class action settlement fund to the 'next best' class of beneficiaries.'" *Lane v. Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir. 2012) (quoting *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1036 (9th Cir. 2011)). "The district court's review of a class action settlement that calls for a *cy pres* remedy is not substantially different from that of any other class-action settlement except that the court should not find the settlement fair, adequate, and reasonable unless the *cy pres* remedy 'account[s] for the nature of the plaintiffs' lawsuit, the objectives of the underlying statutes, and the interests of the silent class members[.]" *Id.* (quoting *Nachshin*). "The court has 'broad discretionary powers in shaping' a *cy pres* award." *In re Easysaver Rewards Litig.*, 906 F.3d 747, 761 (9th Cir. 2018), *cert. denied sub nom. Perryman v. Romero*, 139 S. Ct. 2744 (2019) (citing *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1307 (9th Cir. 1990)).

## III. ANALYSIS

### A. Nature of the Lawsuit

This TCPA was brought on behalf of a class claiming that Defendants made automated calls to their cell phones to collect past due debts. (Compl. ¶ 1, 29–32, ECF No. 1.) Thus, this case touches on both privacy rights and financial literacy.

The proposed *cy pres* fund recipients align with these interests. The SCU Privacy Law Certificate and High Tech Law Institute provide academic and extracurricular opportunities focused on helping students develop expertise in the area of privacy law, and the *cy pres* funds will help support the students, faculty, and staff in this endeavor. (*See* Decl. of Eric Goldman ("Goldman Decl.") ¶¶ 2–9, 12, ECF No. 123-4.) LISC is a non-profit corporation in New York that "provid[es] grants, loans, and equity investments and technical assistance to hundreds of organizations in urban and rural communities throughout the country." (Decl. of Maurice A. Jones ¶¶ 2, 4, ECF No. 123-5.) The organization plans to use *cy pres* funds "to provide employment and career services, financial education, and credit re-building for low-income borrowers." (*Id.* ¶ 9.)

### B. Objective of the TCPA

"[I]n enacting the TCPA, Congress made specific findings that 'unrestricted telemarketing can be an intrusive invasion of privacy' and are a 'nuisance.'" *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017). As previously stated, the SCU programs educate law students in privacy law, with the goal of furthering privacy rights of consumers. The Court finds that the work done by SCU "is directly responsive to the issues underlying this litigation." *See Easysaver*, 906 F.3d at 762.

Similarly, because the phone calls at issue in this matter were made in furtherance of debt collection efforts, LISC's concentration on developing financial stability also corresponds to the purpose of the statute because improving financial literacy "will benefit settlement class members by reducing future debt collection calls." *See In re Midland Credit Mgmt. Inc., Tel. Consumer Prot. Act Litig.*, No. 10-cv-2261-MMA (MDD), 2018 WL 4927982, (S.D. Cal. Oct. 10, 2018) (quotations omitted).

### C. Interest of Silent Class Members

Lastly, the Court finds that the interests of silent class members would be advanced by distributing *cy pres* funds to SCU and LISC. The SCU's programs involve comprehensive training and education of attorneys regarding the protection and enforcement of privacy laws. (Goldman Decl. ¶¶ 2–9). The Court therefore agrees that the funds will be used, as the parties state, "to advance the privacy interests of residential and cellular telephone subscribers" and "to promote and preserve the privacy rights" of all class members and consumers at large. (Goldman Decl. ¶¶ 12–18.) LISC targets the underlying cause of the automated calls in this case: the existence of overdue debt. By helping individuals develop the skills necessary to keep current on their financial obligations, LISC reduces the likelihood that class members and, more broadly, any individuals will be on the receiving end of automated debt collection calls.

## IV. CONCLUSION AND ORDER

Having considered the parties' Joint Motion and finding the proposed *cy pres* beneficiaries appropriate, the Court hereby **GRANTS** the Joint Motion. KCC Class Action Services, LLC, as the settlement administrator, **IS HEREBY ORDERED** to promptly distribute the remaining balance in the Cash Component of the Common Fund as a *cy pres* distribution to the (1) University of Santa Clara Law School's Privacy Law Certificate and High Tech Law Institute and (2) Local Initiatives Support Corporation, which charitable organizations shall share equally in the *cy pres* distribution.

**IT IS SO ORDERED.**

**DATED: February 5, 2021**

Hon. Cynthia Bashant
United States District Judge